## AUGUST SANDERS v. GEORGE F. QUICK ET AL.

[FILED DECEMBER 4, 1889.]

1. **Witnesses:** CREDIBILITY: QUESTION OF FACT. In an action by A, B & C against D to recover for money had and received by the defendant "to and for the use of the plaintiffs," etc., the answer of the defendant in effect alleged payment. *Held*, There being a direct conflict in the evidence that the question of the credibility of the witnesses was for the jury, and the preponderance of evidence against the verdict not being so great as to show that it was clearly wrong, the verdict would not be set aside.

2. **Supreme Court:** SUBMISSION WITHOUT BRIEFS. Where a cause is submitted without briefs pointing out objections to instructions given or refused, such instructions will not be examined.

ERROR to the district court for Lancaster county. Tried below before FIELD, J.

*D. G. Courtnay*, and *J. E. Philpott*, for plaintiff in error.

*J. P. Maule*, and *C. M. Parker*, contra.

No briefs filed.

MAXWELL, J.

This action was brought by the defendants in error against the plaintiff in error and John Sheedy to recover the sum of $2,105 "for so much money received from Bertha Quick on the 1st day of June, A. D. 1887, to and for the use of these plaintiffs." An attachment was duly issued against the property of Sanders upon the ground that he was a non-resident. A motion was afterwards made to dissolve the attachment, which was overruled. No particular point seems to be made on the attachment.

Sheedy filed an answer to the petition denying all the facts stated therein.  Sanders also filed an answer, and after denying all the facts, alleges that on or about the 4th day of June, 1887, the said plaintiffs claimed to have an interest and estate in and to the estate of one Tunis P. Quick, deceased, late of the said county of Lancaster; that one Bertha Elizabeth Quick then was the widow of the said Tunis P. Quick, and also the executrix of all his estate, real and personal; that this defendant then was the attorney in fact of the said Bertha Elizabeth Quick; that on or about the said 4th day of June, 1887, the said plaintiffs, by the name of George T. Quick, Jennie Quick, and Jennie Wilson, as parties on his and her own behalf, and the said Bertha Elizabeth Quick, by the name of Mrs. Tunis P. Quick, through and by this defendant as her true and lawful attorney in fact, duly entered into an agreement in writing by and between said parties wherein for and in consideration of the sum of $14,000 to be paid to said plaintiffs by said Bertha Elizabeth Quick, the said plaintiffs did then and there agree to and with the said Bertha Elizabeth Quick to release the said estate of the said Tunis P. Quick of all claims and demands of every kind and description which they or either of them may have against said estate on any and every account, either of inheritance or otherwise; that at the time of the commencement of this suit the said contract then was and now is in full force and effect, and that on or about the 20th day of June, 1887, the said plaintiffs received thereon the sum of $11,000, and at divers other times have received large sums of money thereon and now do hold and retain the same and have converted the said moneys to their own use and benefit; that the said moneys, to-wit, $2,000 and the interest thereon set forth in plaintiffs' said petition, arise out of and are so claimed by the plaintiffs as a part of the said consideration of $14,000 so to be paid as aforesaid; that this defendant has not had at any time any busi-

ness transactions with the said plaintiffs or either of them, except as the said attorney in fact of the said Bertha Elizabeth Quick, and has not received at any time any money whatsoever from said Bertha Elizabeth Quick only as her said attorney in fact, and avers the fact to be that the said Bertha Elizabeth Quick has not at any time whatsoever given him any money whatsoever in his individual capacity or on his individual account to and for the use of the said plaintiffs or either of them. Defendant avers that all moneys which have come into his hands as the said attorney in fact he has used, expended, and paid out according to the true intent and manner by the power so vested in him as said attorney in fact. Defendant further avers that if the said plaintiffs have not received in full the said $14,000 so to be paid as aforesaid the plaintiffs have a full and adequate relief at law on the said written agreement; that the said Bertha E. Quick is solvent, etc.

The facts stated in the answer are denied in the reply No briefs were filed by either party in the case, and the objections to the instructions, if any, are not pointed out and therefore cannot be considered. The testimony of Mr. Sanders himself tends to show that he received the money in question to be paid to the defendants in error, and he claims to have so paid it to George Quick in Peoria, Illinois. His testimony on that point being: "This $2,000 you gave him (George) was the twenty hundred dollar bills Sheedy gave you? Ans. Yes, sir." No receipt for the same was offered in evidence except as hereinafter stated. The testimony tends to show that on the 4th of June, 1887, Bertha E. Quick, of Lincoln, constituted the plaintiff in error, her "attorney for me and in my place and stead to agree with, compromise, adjust, and. settle with George T. Quick and his wife and mother for any claim they or either of them have against the estate of Tunis P. Quick, my deceased husband, and against me and the devisees in the will of said Tunis P. Quick, deceased

for the sum of $14,000 to be paid to the said George T. Quick," etc.   On the same date we find a contract in the record, as follows: "In consideration of the sum of $14,-000, of which amount the sum of $3,000 is this day in hand paid, the receipt whereof is hereby acknowledged, the said George T. Quick and Jennie Quick, his wife, and Jennie Wilson aforesaid, hereby agree to release the estate of the said Tunis P. Quick, late of Lincoln, aforesaid deceased, of all claims and demands of every kind and description which they or either of them may have against said estate on any and every account whatsoever, either of inheritance or otherwise."

A deed signed and acknowledged by the defendants in error, dated June 20, 1887, releasing to Bertha E. Quick their interest in certain lots in the city of Lincoln, was introduced in evidence.  The conclusion of this instrument is as follows: "And this conveyance includes all right, title, and interest and claim of every description in and to any portion of the estate, both real and personal, of Tunis P. Quick, of Lancaster county, Nebraska, now deceased."

The consideration for the instrument in question is stated to be $14,000, "the receipt whereof is hereby acknowledged."   If the $2,000 sued for in this case had not been paid it is somewhat remarkable that the defendants in error should have released their claim upon the estate.   The plaintiff in error seems to have been selected to effect a compromise with the defendants in error because of his peculiar qualifications in that line, and he seems to have justified the confidence placed in him by his principal, and his testimony is straightforward and carries with it the probability of its truthfulness.

It is directly contradicted however, and the question of the credibility of the witnesses was for the jury to determine.   There is no such preponderance against the verdict as would justify us in setting it aside, although we are not

fully satisfied with the finding. The judgment is therefore affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.